# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-126-3 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL EDWARDS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On June 24, 2022, defendant Michael Edwards ("Edwards" or "defendant") was sentenced to a custody term of 46 months, following his guilty plea to conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846. (Doc. No. 153 (Judgment); *see* Minutes of Proceedings [non-document], 6/24/2022; Minutes of Proceedings [non-document], 2/24/2022; *see also* Doc. No. 13 (Indictment).) Now before the Court are two *pro se* motions filed by Edwards: (1) a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (Doc. No. 174 (Amendment 821 Motion)); and (2) a motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 173 (Compassionate Release Motion)). Appointed counsel filed a notice of intent not to supplement the motions. (Doc. No. 176 (Notice).) Plaintiff United States of America (the "government") filed an opposition to each motion. (Doc. No. 175 (Response to Amendment 821 Motion); Doc. No. 178 (Response to Compassionate Release Motion).) For the reasons that follow, both motions are denied.

## I.   LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Edwards does not seek relief under Rule 35. Instead, he seeks a sentence reduction under Amendment 821, Part A, relating to "status points." He also claims that he is entitled to a compassionate release. The Court will address each request in turn.

### A.  Part A of Amendment 821

The Court begins with Edwards's motion for a reduced sentence under Amendment 821 to the sentencing guidelines. The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon*

*v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Edwards moves for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Specifically, he argues that he is eligible for a reduced sentence under Amendment 821, Part A, which affected the sentencing guidelines' treatment of offenses committed while under a criminal justice sentence. (*See* Doc. No. 174, at 5[1]– 6.) Part A of Amendment 821, which now appears in the guidelines at U.S.S.G. § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

The government opposes the motion on the ground that Edwards is not eligible for relief under Part A. (Doc. No. 175, at 1.) Specifically, the government argues that the application of Part A would have no effect on Edwards's advisory guideline range, as he was not subject to a term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. (*Id.*) The Court agrees with the government's position.

At the time of sentencing, the Court calculated Edwards's base offense level to be 16, to

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

which 4 levels was added for knowingly misrepresenting or marketing the substance as another substance containing fentanyl (U.S.S.G. § 2D1.1(b)(13)) and 2 levels for possession of a dangerous weapon (U.S.S.G. § 2D1.1(b)(1)). (*See also* Doc. No. 137 (Presentence Investigation Report ("PSR")) ¶¶ 23–25.) After a 3-level reduction for acceptance of responsibility was applied, the resulting total offense level was 19. (*See also id.* ¶¶ 31–33.)

Edwards had numerous prior convictions, which collectively scored 4 criminal history points. (*See also id.* ¶¶ 36–38, 40, 43.) Because Edwards committed the instant offense while he was under a criminal justice sentence in state court, he received 2 "status points" under § 4A1.1(d). (*See also id.* ¶ 44.) With a total of 6 criminal history points, Edwards was a criminal history category III. (*See also id.* ¶ 45.) With a criminal history category of III (and a total offense level of 19), the advisory guideline range was 37 to 46 months. (*See also id.* ¶ 66.) The Court sentenced Edwards to a within-guideline custody term of 46 months. (Doc. No. 153, at 2.)

Under Part A of Amendment 821, Edwards criminal history score is reduced by 2 to 4 points, which still corresponds to a criminal history category III, and his advisory sentencing guideline range remains 37 to 46 months. Because his guideline range is undisturbed by the Amendment, Edwards is ineligible for a reduction under Part A of Amendment 821.

Edwards also references Amendment 828. (Doc. No. 174, at 6–7.) Based on the facts provided and the arguments advanced by Edwards, he appears to have intended to reference Amendment 829. (*See id.*) Amendment 829, which became effective November 1, 2024, made several revisions to U.S.S.G. § 5H1.1, addressing how the age of an offender may be considered at sentencing. Amendment 829 was not made retroactive by the Sentencing Commission. Section 1B1.10(d) of the United States Sentencing Guidelines identifies the amendments subject to

4

retroactive application. Amendment 829 is not listed among the amendments given retroactive effect, and it cannot, therefore, support a reduction in Edwards's sentence. U.S.S.G. § 1B1.10(d); *see, e.g., United States v. Hackett*, No. 4:11-cr-101, 2025 WL 388919, at *1 (N.D. Ohio Feb. 4, 2025) (holding "Amendment 829 was not made retroactive by the Sentencing Commission" (citation omitted)).

For the foregoing reasons, defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (Doc. No. 174) is denied.

### B.  Compassionate Release

Edwards also seeks a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission'; and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, U.S.S.G. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate

release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." § 1B1.13(b).

The parties agree that Edwards has exhausted his administrative remedies. (Doc. No. 178, at 5; Doc. No. 173, at 4; *see* Doc. No. 173-1 (Administrative Request), at 1.) The Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Edwards appears to rely on changes to U.S.S.G.§ 5H1.1 (the policy statement addressing age), Edwards's youthfulness at the time of the offense, and his rehabilitation efforts. (Doc. No. 173, at 4–7.) As noted, Amendment 829 amended § 5H1.1 to provide that a "downward departure [] may be warranted due to defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G. § 5H1.1. As previously observed, § 5H1.1 was not made retroactive and this precludes the Court from considering it in connection with the present motion for two reasons: First, the Sixth Circuit has held that courts may not consider "nonretroactive changes in sentencing law" as "'extraordinary and compelling reasons' that warrant relief." *United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc); and, second, under U.S.S.G. § 1B1.13(c), non-retroactive amendments to the sentencing guidelines "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists" for granting a compassionate release.[2]

Even without Amendment 829, Edwards implores the Court to consider the fact that he

---

[2] The only exception under the policy statement—where defendant is claiming the existence of an unusually long sentence under § 1B1.13(b)(6)—is not applicable here. *See* § 1B1.13(c).

was only 20 years old at the time of the offense. (Doc. No. 173, at 7.) He claims that his age at the time of the offense—along with his "environment, adverse childhood experiences, lack of educational opportunities, familia[l] relationships and substance abuse"—constitute "extraordinary and compelling reasons for a reduction in sentence." (*Id.*) The Court disagrees.

Beginning with the relevant policy statement, while "[a]ge of the [d]efendant" is one of the six categories identified in § 1B1.13 that may support the finding of extraordinary and compelling reasons for release, that category only applies to a defendant who "(A) is at least 65 years old: (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.1(b)(2). Edwards, who was 25 years of age when he filed the present motion, does not satisfy either the age or the medical health requirements of § 1B1.1(b)(2).

Additionally, Edwards's age at the time he committed the offense cannot establish an extraordinary and compelling reason for compassionate release because it was known by the Court at the time of sentencing. "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *Hunter*, 12 F.4th at 569–70 (rejecting defendant's age as an extraordinary and compelling reason for release). The Court was aware of Edwards's age, along with his other personal circumstances (including his substance abuse and familial relationships), and took all of his personal characteristics into consideration at sentencing. (*See also* Doc. No. 137 ¶¶ 52–64.) Moreover, the Sixth Circuit has made clear that, in order to receive compassionate release, the defendant must show that their "personal circumstances" have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing." *Hunter*, 12 F.4th 569 (quoting *United*

*States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021)). Edwards's age at the time of the offense, though admittedly young, was a known fact at the original sentencing hearing that has not changed, and cannot now be considered an extraordinary and compelling reason to reduce his sentence.

This leaves Edwards's rehabilitation efforts as the sole remaining reason to support a compassionate release. He states that he has "truly made significant steps towards rehabilitation while incarcerated." (Doc. No. 173, at 4.) He notes that he has "avoided any and all conflicts with other prisoners, remained infraction free, taken advantage of available programming[] by earning his G.E.D., and assum[ed] a role of an [e]ssential mentor and role model to other prisoners who were incarcerated at his age." (*Id.*) Appended to his motion are BOP documents showing his prison programming and clean disciplinary record. (*See* Doc. No. 173-1 (BOP Records), at 6–10.) While Edwards's rehabilitative efforts are commendable, alone they do not amount to an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13(d) (stating that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason"); *United States v. Ruffin*, 978 F.3d 1000, 1004, 1009 (6th Cir. 2020) (stating that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release (quoting 28 U.S.C. § 994(t))); *see also United States v. Jethrow*, No. 4:08-cr-520, 2025 WL 461800, *5 (N.D. Ohio Feb. 11, 2025) ("In addition, though rehabilitation is to be encouraged and applauded, it is also part of what is expected from all inmates.") Because Edwards has failed to establish the requisite extraordinary and compelling reasons to justify a sentence reduction, his compassionate release motion fails for this reason alone.

Even if Edwards had cleared this initial hurdle, the Court would still have denied the motion because the sentencing factors in 18 U.S.C. § 3553(a) do not favor a sentence reduction. The nature and circumstances of his offense were serious. Edwards participated in a drug trafficking conspiracy with at least four other individuals. (*See also* Doc. No. 137 ¶¶ 7–18.) The Sixth Circuit has recognized that drug trafficking is an inherently dangerous offense. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("To be sure, drug trafficking is a serious offense, that, in itself, poses a danger to the community." (citations omitted)). Indeed, the present drug conspiracy was connected to at least one fatal overdose.[3] (*See also* Doc. No. 137 ¶¶ 8–9.) Edwards admitted to possessing weapons and misbranding the pills containing fentanyl in connection with this conspiracy, which made his conduct even more dangerous. (*See* Doc. No. 152 (Transcript of Change of Plea Hearing), 29–32; *see also* Doc. No. 137 ¶¶ 13, 15, 21, 24–25.)

Edwards also has a criminal record that dates back to 2015, when Edwards was only 15 years old. (*See also* Doc. No. 137 ¶¶ 35–42.) Despite his youthfulness, he has already acquired seven criminal convictions as an adult. (*See also id*. ¶¶ 36–42.) Prior convictions and sentences have failed to dissuade Edwards from engaging in illegal activity. In fact, as previously noted, Edwards was on probation in state court when he committed the instant offense. (*See also id*. ¶ 44.)

---

[3] In a related case, Edwards was sentenced to a 180-month sentence for distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), with an enhancement under 21 U.S.C. § 841(b)(1)(C) for death resulting from the consumption of the trafficked fentanyl. (*See* N.D. Ohio No. 1:22-cr-387, Doc. No. 33 (Judgement); Doc. No. 1 (Indictment).) Edwards's 180-month sentence in the related case runs concurrently with the sentence Edwards is serving in the present case (1:21-cr-126-3). (*See* No. 1:22-cr-387, Doc. No. 33, at 2.) According to the BOP, Edwards will complete his sentence in the present case on August 24, 2025, at which time he will continue to serve his sentence in No. 1:22-cr-387 until February 6, 2035. (*See* https://www.bop.gov/inmateloc//, last visited 3/31/2025.)

The Court has considered Edwards's rehabilitation efforts, including his prison programming and his incident-free prison disciplinary record. It has also considered the letters of support offered by members of his family (*see* Doc. No. 173-1, at 2–5) and his stated release plan (*see* Doc. No. 173, at 8). But after considering all of the § 3353(a) factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds that Edwards poses a danger to the community.

Because Edwards has failed to demonstrate the existence of extraordinary and compelling reasons to support release, and because the sentencing factors do not otherwise support early release, Edwards is not entitled to a compassionate release.

## II.     CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release (Doc. No. 173) and motion to reduce sentence (Doc. No. 174) are denied.

**IT IS SO ORDERED**.

Dated: April 2, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

10